**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NOS. A-1747-17T2
      A-1749-17T2

ALFONSO LOMBARDI and
KATHLEEN LOMBARDI,

  Plaintiffs-Appellants,

v.

DIRECTOR, DIVISION OF
TAXATION,

  Defendant-Respondent.

_____

DOWN NECK, LLC,

  Plaintiff-Appellant,

v.

DIRECTOR, DIVISION OF
TAXATION,

  Defendant-Respondent.

_____

Submitted March 13, 2019 – Decided April 16, 2019

Before Judges Nugent and Reisner.

On appeal from the Tax Court of New Jersey, Docket Nos. 018569-2013 and 018568-2013.

O'Toole Scrivo Fernandez Weiner Van Lieu LLC, attorneys for appellants (Greg Trif and Nicole M. DeMuro, of counsel and on the briefs).

Gurbir S. Grewal, Attorney General, attorney for respondent (Melissa H. Raksa, Assistant Attorney General, of counsel; Heather L. Anderson, Deputy Attorney General, on the brief).

PER CURIAM

In these consolidated appeals, plaintiffs Alfonso and Kathleen Lombardi and Down Neck, LLC, the limited liability company through which they operate a restaurant and bar, appeal from a September 19, 2017 order dismissing their complaint and affirming the Division of Taxation's assessments for unpaid taxes. Plaintiffs also appeal from an October 31, 2017 order denying reconsideration.

Tax Court Judge Kathi F. Fiamingo dismissed plaintiffs' complaint at the close of their presentation of evidence. See R. 4:37-2(b). She found that plaintiffs failed to produce records or documentation to support their case, and they failed to overcome the presumption of correctness of the Division's assessments for the tax years 2007 through 2010. See Yilmaz, Inc., v. Dir., Div. of Taxation, 390 N.J. Super. 435, 440 (App. Div. 2007).

For example, the judge noted Alfonso Lombardi's claim that an approximately $13,000 deposit into the business's account must have been a loan. But, he had no documentation of the loan and admitted he could not recall making the loan. The business also had no documentary evidence concerning cash payouts, tips, or complementary and discounted meals. The judge found no evidence that the Division used an inappropriate methodology in calculating the underreported income. The judge found plaintiffs agreed the Division auditor could base his analysis on the 2011 tax year, and the fact that chicken may have been slightly less expensive during some earlier years did not render the auditor's methodology invalid.

On this appeal, plaintiffs contend that Judge Fiamingo erred in dismissing their complaint because they produced competent credible evidence that the Division's methodology was "aberrant" and the Division's assessment of taxes was "far wide of the mark." They also argue that the judge abused discretion in denying their reconsideration motion, asserting that the judge failed "to consider competent, credible evidence."

After reviewing the record in light of the applicable standards of review, we conclude that Judge Fiamingo considered and properly rejected the arguments plaintiffs raised at the tax trial, and she did not abuse discretion in

3

denying their reconsideration motion.  See Yilmaz, 390 N.J. Super. at 443;

Cummings v. Bahr, 295 N.J. Super. 374, 389 (App. Div. 1996).  We affirm for

the reasons cogently stated by Judge Fiamingo in her oral opinion issued on

September 19, 2017, and her written opinion issued with the October 31, 2017

order.  Plaintiff's appellate contentions are without sufficient merit to warrant

discussion in a written opinion.  R. 2:11-3(e)(1)(E).

    Affirmed.

I hereby certify that the foregoing
is a true copy of the original on
file in my office.

CLERK OF THE APPELLATE DIVISION

4